**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

FERNANDO GARCIA-MIJANGOS,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY

Respondent.

Case No. 1:26-cv-09230-JLT-SAB

A-Number: 240-174-843

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 2)

## I. INTRODUCTION

Before the Court is Fernando Garcia-Mijangos' request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## II. FACTUAL BACKGROUND

Petitioner is a native and citizen of Mexico entered the United States without inspection, admission, or parole at an unknown location on an unknown date. (Doc. 7-1 at 1, 3.) Petitioner has lived in Fresno, California, for the past four years and has no criminal history. (*Id.* at 3; *see also* Doc. 1 at 2.) On October 5, 2026, United States Immigration and Customs Enforcement ("ICE") arrested Petitioner in Fresno, California, and took him into the custody of the United

States Department of Homeland Security ("DHS"). (Doc. 7-1 at 2–3.) The agents arrested Petitioner pursuant to the warrant, took him into the DHS's custody, and transported him to an ICE facility in Fresno for processing. *Id.* at 2. Subsequently, the DHS issued administrative documents such as a notice to appear and a notice of custody of custody determination, through which the petitioner requested a bond hearing (which reportedly has yet to be scheduled). *Id.* at 5–8.) Petitioner is currently detained at the Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 1.)

On November 9, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his arrest by immigration authorities without a constitutionally adequate pre-deprivation process violates his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 5-7.)

## III. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. DISCUSSION

Respondent concede that the detention authority in this case is 8 U.S.C. § 1226, yet contend this petition for a writ of habeas corpus should be denied because Petitioner should be required to exhaust his administrative remedies before filing a habeas petition. (Doc. 7 at 3.) To the extent this suggests the argument that Petitioner should be required to exhaust remedies by requesting a bond hearing, this habeas petition is construed as a request for a bond hearing. Petitioner falls into a class of non-citizens who were apprehended in the interior of the United States without ever being admitted by immigration officials and is therefore entitled to a bond hearing under § 1226(a) at which he "will be released on bond if he demonstrates by a

preponderance of the evidence that he is not a fight risk or a danger to the community." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026); *see also R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026) (ordering a § 1226(a) bond hearing where there is no record of prior consideration of danger to the community or a flight risk,); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. The motion for temporary restraining order (Doc. 2) is **DENIED** as moot.

3. <u>**Within 14 days**</u> of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4. <u>**At least 72 hours before**</u> the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. <u>**At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.**</u>

6. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: Nov. 21, 2026

JENNIFER L. THURSTON
U. S. District Judge